day another prohibition agent visited the barroom. It was locked, but defendant let him in. Two men were drinking at the bar. A small amount was left in their glasses. He said there was quite an odor of whisky and that the two men, in the presence of defendant, said that they had bought whisky. On the strength of these officers' testimony, a search warrant was later issued, describing the premises by street number. On searching the barroom both gin and whisky were found. No search of the upstairs was made. On hearing, one District Judge refused to suppress the evidence as to what was found in the barroom. Later the indictment was tried before another judge, and the record fails to show any objection made or exception taken to the reception of the testimony of the witnesses as to what took place in the barroom. After trial and sentence, the defendant assigns for error the action of the first judge in refusing to suppress.

Assuming that although no such issue was raised before the trial judge, the action of the first judge can be raised on this appeal, we are of opinion no error was committed by the first judge in refusing to suppress. The testimony of the two witnesses who at different times on the same day showed sales by the defendant and the description and location of the barroom were sufficient to warrant the issue of a search warrant.

The judgment below is affirmed.

Paul F. Jones, U. S. Atty., of Danville, Ill. (Walter E. Ackermann, Asst. U. S. Atty., of East St. Louis, Ill., and Davis G. Arnold, and Wilbur C. Pickett, both of Washington, D. C., Attys., Veterans' Administration, of counsel), for the United States.

Frank C. Wade, of Terre Haute, Ind., for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

## PER CURIAM.

Appellee's motion to dismiss the appeal, for the reason that the same was not taken within the time fixed by statute, having been presented after the case was disposed of on the merits, it is ordered that the order heretofore entered reversing said decree is hereby vacated and set aside.

It is further ordered that the appeal be, and the same is hereby, dismissed for want of jurisdiction.

## UNITED STATES v. McCAULLEY.
### No. 4960.

Circuit Court of Appeals, Seventh Circuit.
Jan. 6, 1934.

## MOBILE, MIAMI & GULF S. S. CO., Inc., v. LAKE GILTEDGE S. S. CO.
### No. 7074.

Circuit Court of Appeals, Fifth Circuit.
Jan. 11, 1934.

